EJD:DEL/RSB
F. #2022R00918

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*   DECEMBER 11, 2025   *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

- against -

MARK LIVERANO,

              Defendant.

------------------------------X

I N D I C T M E N T

Cr. No. 25-CR-384
(T. 18, U.S.C., §§ 894(a)(1), 922(g)(1), 924(a)(8), 924(d)(1), 981(a)(1)(C), 1512(c)(1), 1955(a), 1955(d), 2261A(2)(B), 2261(b)(5), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(b)(1)(D), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

Judge Dora Lizette Irizarry
Magistrate Judge Lara K. Eshkenazi

THE GRAND JURY CHARGES:

COUNT ONE
(Extortionate Collection of Credit – John Doe #1)

1. In or about and between January 2017 and May 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARK LIVERANO, together with others, did knowingly and intentionally participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #1, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

COUNT TWO
(Extortionate Collection of Credit – John Doe #2)

2. In or about and between December 2015 and September 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARK LIVERANO, together with others, did knowingly and intentionally participate

in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #2, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

## COUNT THREE
(Extortionate Collection of Credit – John Doe #3)

3.     In or about and between January 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARK LIVERANO, together with others, did knowingly and intentionally participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #3, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

## COUNT FOUR
(Conspiracy to Distribute and Possess with Intent to Distribute Marijuana)

4.     In or about and between January 2017 and September 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARK LIVERANO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIVE
(Extortionate Collection of Credit – John Doe #4)

5.     In or about and between October 2019 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and

3

elsewhere, the defendant MARK LIVERANO, together with others, did knowingly and intentionally participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #4, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

## COUNT SIX
(Interstate Stalking – John Doe #5)

6.      In or about and between September 2022 and December 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARK LIVERANO, together with others, did knowingly and intentionally use (i) an interactive computer service, electronic communication service and electronic communication system of interstate commerce, and (ii) a facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause and would be reasonably expected to cause substantial emotional distress to John Doe #5, an individual whose identity is known to the Grand Jury, with the intent to injure, harass and intimidate and place under surveillance with intent to injure, harass and intimidate John Doe #5.

(Title 18, United States Code, Sections 2261A(2)(B), 2261(b)(5), 2 and 3551 et seq.)

## COUNT SEVEN
(Illegal Gambling)

7.      In or about and between October 2022 and December 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARK LIVERANO, together with others, did knowingly and intentionally conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, to wit: a

gambling business involving sports betting, which operated in violation of the laws of New York State, to wit: New York Penal Law Sections 225.05 and 20.00, and which involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of such business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of at least $2,000 in one or more single days.

(Title 18, United States Code, Sections 1955(a), 2 and 3551 et seq.)

## COUNT EIGHT
(Felon in Possession of Firearms and Ammunition)

8. On or about December 19, 2022, within the District of New Jersey, the defendant MARK LIVERANO, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: (a) a 9mm caliber Glock 19 Gen 5 semi-automatic pistol and (b) a 3rd Gen Tactical Model Humboldt multi-caliber firearm bearing serial number H-02549, and ammunition, to wit: (a) Troy 9mm caliber cartridges and (b) Winchester .223 Remington 55-Grain cartridges.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 3551 et seq.)

## COUNT NINE
(Attempted Obstruction of Justice)

9. In or about August 2023, within the Eastern District of New York and elsewhere, the defendant MARK LIVERANO, together with others, did knowingly, intentionally and corruptly attempt to alter, destroy, mutilate and conceal one or more records, documents and other objects, to wit: virtually stored records and contents of a black iPhone with serial number

CQTPW1RXC4, with the intent to impair their integrity and availability for use in an official proceeding, to wit: a federal grand jury investigation in the Eastern District of New York.

(Title 18, United States Code, Sections 1512(c)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH THREE, FIVE, SIX AND NINE

10. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Three, Five, Six and Nine, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, including but not limited to approximately $14,415.00 in United States currency, seized by law enforcement on or about August 17, 2023, in Staten Island, New York.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

12. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT SEVEN

14.     The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Seven, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 1955(d), which provides for the forfeiture of any property, including money, used in violation of Title 18, United States Code, Section 1955.

15.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a)     cannot be located upon the exercise of due diligence;
  (b)     has been transferred or sold to, or deposited with, a third party;
  (c)     has been placed beyond the jurisdiction of the court;
  (d)     has been substantially diminished in value; or
  (e)     has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT EIGHT

16. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Eight, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

s/
FOREPERSON

By: *Whitman G.S. Knapp, AUSA*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK